**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4649**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DEVONTEA M. FONTENEAU,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Donald C. Coggins, Jr., District Judge.  (6:24-cr-00688-DCC-1)

_____

Submitted:  July 23, 2026                                Decided:  July 27, 2026

_____

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Carrie Fisher Sherard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devontea M. Fonteneau appeals the district court's judgment revoking his term of supervised release and sentencing him to 24 months in prison. On appeal, Fonteneau's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but broadly questioning the reasonableness of Fonteneau's sentence. Although notified of his right to do so, Fonteneau has not filed a pro se supplemental brief. The Government has declined to file a response. For the reasons that follow, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Where, as here, the sentence does not exceed the statutory maximum, we "first examine whether the sentence was unreasonable at all, procedurally or substantively." *United States v. Amin*, 85 F.4th 727, 739 (4th Cir. 2023) (internal quotation marks omitted). "Only if we find the sentence unreasonable must we decide whether it is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the

circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

Here, the district court correctly determined that the Guidelines recommended imposing a 24-month sentence and running it consecutively to any other criminal sentence. Fonteneau, whose supervision violations resulted in then-pending state criminal charges, asked that his revocation sentence be imposed concurrently with any forthcoming state sentence. The court rejected this request, citing, among other things, the seriousness of Fonteneau's violations and the need for deterrence and incapacitation. Based on our review of the record, we conclude that Fonteneau's revocation sentence is procedurally reasonable. In addition, we discern nothing in the record to rebut the presumption of substantive reasonableness accorded to Fonteneau's within-policy-statement-range sentence. *See United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Fonteneau's revocation judgment. This court requires that counsel inform Fonteneau, in writing, of the right to petition the Supreme Court of the United States for further review. If Fonteneau requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fonteneau.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*